## J. A. Groves v. The State.

### No. 179. Decided November 3, 1909.

**Assault to Murder—Newly Discovered Evidence—Practice on Appeal—Insanity.**

Upon an appeal from a conviction of assault with intent to murder, where it appeared from the record that no statement of facts or bills of exception were filed, an affidavit by the appellant's attorneys to the motion for a new trial, setting out newly-discovered evidence, cannot be considered, as all presumption must be indulged in favor of the validity of the judgment; besides, it did not appear that the insanity of the appellant was of such a character that he could not have informed his attorneys as to the absent testimony.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder Ellen Groves, his punishment being assessed at ten years confinement in the penitentiary.

There are no bills of exception in the record, nor was a statement of facts prepared for the inspection of this court in determining this appeal. The motion for new trial sets up newly discovered evidence in regard to the plea of insanity. One of the issues on the trial was insanity. This is gathered from the charge of the court which submits the issue for the consideration of the jury. One of appellant's attorneys files an affidavit that the testimony was unknown to the attorneys for appellant at the time of and during the trial and that it was discovered since and that the failure to discover said testimony was not owing to any want of diligence on the part of said attorneys. The appellant does not make an affidavit. What testimony was introduced on the trial is not shown in this record and we have no information in regard to it upon which we can act as a court. The witness by whom this newly discovered testimony was to be shown is the father of the defendant who resides at Lipan, Texas, and by him they expected to show that appellant's aunt, a sister of his mother, was insane and confined in the insane asylum at Terrell and that a deceased brother of appellant, during his lifetime, suffered from epilepsy; and by a sister of appellant, who, it is alleged, is believed to live at Cleburne, he expected to prove the same facts; that this testimony was unknown to appellant's attorneys. This testimony may have been only cumulative and in the absence

of the statement of facts proved on the trial, all presumptions will be indulged in favor of the validity of a judgment and against the grounds of the motion for new trial. It is not shown that appellant was insane to the extent that he was unable to give his attorneys information about his family history, and on his plea of insanity the jury found against him. It may be further stated we are not informed in any way as to the species of insanity under which appellant was laboring, whether temporary or permanent. In the absence, therefore, of the evidence and as the matter is presented by the motion we are unable to review the question. The judgment must be affirmed, and it is so ordered.

*Affirmed.*